Filed 4/17/25  In re A.J. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re A.J., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>A.J.,<br><br>          Defendant and Appellant. | A168972<br><br>(Alameda County<br>Sup. Ct. Nos. JV01253602,<br>JV01253603) |

A.J. appeals from a juvenile court order that sustained a petition charging him with assault with a deadly weapon and inflicting great bodily injury.  (Welf. & Inst. Code, § 602.)  He contends insufficient evidence supported the findings.  In particular, he argues insufficient evidence supported the court's finding that he did not act in self-defense.  We affirm.

## BACKGROUND

In November 2022, 17-year-old A.J. and a friend approached Jane Doe — an unhoused woman living in People's Park in Berkeley — to buy marijuana.  Just before retrieving the marijuana, Jane recalled A.J. had previously robbed her.  She turned to her friend, John Doe, and said, " 'This person robbed me before.' "  John proceeded to hold A.J. from behind in "a

1

bear hug," pinning his arms. The two fell to the ground. John released A.J., who ran away from the park.

Minutes later, A.J. and his friend returned. The two began swinging a board or pole towards Jane and another park resident. John picked up a broken broomstick, approximately one foot in length, and hit each minor once. He did not hit them hard and simply wanted to get their attention. When attempting to back away, John fell, and the broomstick fell out of his hands. He curled up and used his hands to shield his face and head from A.J. and his friend, who were swinging their objects at him. Police officers stopped the fight and collected a "four-by-four wood stick" and metal pole covered in blood. A.J. had a busted lip but no broken bones. John had three large lacerations on his head requiring approximately 16 staples.

The district attorney filed a juvenile wardship petition alleging A.J. committed felony assault with a deadly weapon, with personal infliction of great bodily injury on John. (Pen. Code, §§ 245, subd. (a)(1), 12022.7, subd. (a), undesignated statutory references are to this code.) After a hearing, the juvenile court concluded A.J. did not act in self-defense, and it found true allegations that A.J. committed an assault with a deadly weapon and intentionally inflicted great bodily injury. It sustained the petition and declared A.J. to be a ward of the court.

## DISCUSSION

A.J. contends there was insufficient evidence to support the juvenile court's findings regarding assault with a deadly weapon because he acted in self-defense. He also challenges the sufficiency of the evidence supporting the finding that he used deadly force to inflict great bodily injury. We find neither contention persuasive.

" 'The standard of proof in juvenile proceedings involving criminal acts is the same as the standard in adult criminal trials.' " (*In re Babak S.* (1993) 18 Cal.App.4th 1077, 1088.) We review the entire record in the light most favorable to the judgment "to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value— such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 576–578.)

First, substantial evidence supports the juvenile court's finding that A.J. did not act in self-defense. Assault with a deadly weapon requires proof that a defendant committed an assault by means of force likely to produce bodily injury. (§ 245, subd. (a).) " 'To justify an act of self-defense for [an assault charge], the defendant must have an honest *and reasonable* belief that bodily injury is about to be inflicted on him.' " (*People v. Minifie* (1996) 13 Cal.4th 1055, 1064.) "The threat of bodily injury must be imminent." (*Id.* at p. 1064.) And the use of force must be reasonable under the circumstances. (*Id.* at pp. 1064–1065.)

A.J. argues he reasonably feared John would attack him based on their first encounter in the park — during which John held him in a bear hug. We disagree. Any peril A.J. experienced from that interaction was not " ' "one that, from appearances, must be instantly dealt with." ' " (*In re Christian S.* (1994) 7 Cal.4th 768, 783 [fear must be immediate and present rather than prospective or in the near future], italics omitted.) After that initial incident, A.J. fled the park, only to return minutes later. The court could reasonably conclude A.J. was not in imminent fear of danger or fearing for his safety based on the first interaction.

Even if A.J. was in imminent fear of danger — which we do not find — the record nevertheless reflects A.J. used more force than was reasonably

necessary to defend against that danger. (*People v. Hernandez* (2011) 51 Cal.4th 733, 747.) Drawing all reasonable inferences in favor of the juvenile court's findings, John hit A.J. lightly, just enough to capture A.J.'s attention. (*People v. Johnson, supra*, 26 Cal.3d at pp. 576–578.) After John fell to the ground and dropped the broomstick, he simply shielded himself against A.J. He did not have any object with which to protect himself or retaliate. A.J. nonetheless repeatedly swung and hit John in the head with a metal pole, hard enough that there was blood left on the pole and John required 16 staples to close the resulting lacerations. Given that John was unarmed and his hands in the air, it was no longer reasonable for A.J. to believe his use of force was necessary. (*People v. Jones* (1961) 191 Cal.App.2d 478, 482 ["A misdemeanor assault must be suffered without the privilege of retaliating with deadly force"].)

A.J.'s reliance on Jane and John's inconsistent statements at the hearing — that Jane initially denied selling marijuana in the park but later admitted to doing so, and John initially denied he had hit A.J. — and on A.J.'s version of the events is misplaced. Conflicting testimony does not warrant reversal — we defer to the trier of fact's credibility determinations. (*In re Cheri T.* (1999) 70 Cal.App.4th 1400, 1404.) Substantial evidence supports the juvenile court's finding A.J. did not act in self-defense.

Second, A.J. contends insufficient evidence supports the finding that he used deadly force and inflicted great bodily injury. The record reflects otherwise. Assaults are punishable when committed "with a deadly weapon or instrument other than a firearm" or "by any means of force likely to produce great bodily injury," injury that is significant or substantial. (§ 245, subd. (a)(1).) The victim's injury is immaterial — the statute focuses on the force likely to produce great bodily injury. (*People v. Aguilar* (1997)

4

16 Cal.4th 1023, 1028 ["whether the victim in fact suffers any harm is immaterial"].) A.J. admitted he used a metal pole to hit John in the head three times. The evidence that the pole was covered in blood underscored the inference that it was used forcefully. Moreover, John's testimony established that the force used was likely to cause, and in fact did cause, significant head injuries. John received 16 staples to close wounds on his head. Since the incident, he has suffered constant headaches, dizziness, loss of balance and memory problems, and sensitivity to bright lights, conditions he did not have before the incident. These resulting injuries were "not insignificant, trivial or moderate." (*People v. McDaniel* (2008) 159 Cal.App.4th 736, 748 [defining great bodily injury].) We find no merit in A.J.'s attempt to minimize the seriousness of this assault as "minor." Substantial evidence supported the juvenile court's finding that he committed assault with a deadly weapon and inflicted great bodily injury.

## DISPOSITION

The judgment is affirmed.

_____
RODRÍGUEZ, J.

WE CONCUR:


_____
TUCHER, P. J.


_____
FUJISAKI, J.

A168972; *In re A.J.*